IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CT-3113-H(3)

| | |
|---|---|
| ELI ALVAREZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| MR. NORRIS, MR. PULLEY and | ) |
| LT. O'NEIL, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on plaintiff's motion for appointment of counsel [DE #44] and defendants' motion for summary judgment [DE #36]. Plaintiff has responded to defendants' summary judgment motion, and defendants have replied. The time for further filings has expired. This matter is ripe for ruling.

## BACKGROUND

Eli Alvarez, a state inmate, filed this action pursuant to 42 U.S.C. § 1983 alleging that defendants violated his Eighth Amendment rights by failing to protect him from being assaulted by fellow inmates. Plaintiff seeks declaratory and injunctive

relief, as well as monetary damages. Defendants move for summary judgment.

On or about March 31, 2006, some cigarettes were stolen from the canteen at Central Prison in Raleigh, North Carolina. Defendant Norris was assigned to investigate the theft. When inmate Jamal Earl was found in possession of the cigarettes, he told prison officials that another inmate, Ernest King, had given him the cigarettes to hold. Upon questioning, King implicated plaintiff, telling Norris that plaintiff had asked him to hold the cigarettes but that he passed them along to Earl with plaintiff's permission. Plaintiff denied being in possession of the cigarettes and stated that earlier in the day King had asked him to "put the word out" that King had cigarettes for sale. Norris also obtained statements from two confidential sources that King had been selling stolen cigarettes. King was placed in segregation from March 31, 2006, until June 15, 2006, except for May 30, 2006, when he was assigned to a medical bed.

Norris completed his report of the investigation on May 4, 2010. Several days later, plaintiff approached Norris complaining that Norris had not kept his name confidential and stated that King would be angry with him. Plaintiff expressed

2

his desire to be transferred to another facility but did not request protective custody.

On June 1, 2006, plaintiff was involved in an altercation with one or more fellow inmates,[1] whom he believes to be fellow gang members of King's and rival gang members of plaintiff's.[2] Medical records indicate that plaintiff suffered a laceration on the bridge of his nose, scrapes on his left cheek, and a laceration on the inside of his lower lip. Plaintiff claims that the altercation was the result of Norris' "breach of confidentiality" -- that King had plaintiff beaten for telling Norris that King was selling the stolen cigarettes. Plaintiff was placed on administrative segregation from June 1, 2006, until June 15, 2006, when he was transferred to Maury Correctional Institution.

## COURT'S DISCUSSION

I. Motion for Appointment of Counsel

The court previously found that the issues raised in plaintiff's complaint did not present exceptional circumstances

---

[1] The record is unclear as to the number of inmates involved in the altercation. In his complaint, plaintiff asserts that he was attacked by three inmates while two others stood by. However, reports concerning the incident describe an altercation between plaintiff and one other inmate, William Squire.

[2] King is apparently a member of the United Nation of Blood, and plaintiff is believed to be associated with the Latin Kings gang.

3

warranting appointment of counsel and, on March 28, 2010, denied without prejudice plaintiff's motion for appointment of counsel. Plaintiff has since renewed his request in a second motion for appointment of counsel.

Unlike in criminal cases, there is no constitutional right to counsel in civil cases. Moreover, although 28 U.S.C. § 1915(e)(1) permits a court to request an attorney to represent an indigent litigant, it "does not authorize the federal courts to make coercive appointments of counsel." Mallard v. United States Dist. Ct., 490 U.S. 296, 309-10 (1989). A district court need not request an attorney's assistance pursuant to § 1915(e)(1) unless the case presents complex issues or exceptional circumstances. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984).

This case presents no exceptional circumstances warranting a request for representation pursuant to § 1915(e)(1). The court, therefore, denies plaintiff's motion for appointment of counsel.

## II. Summary Judgment Motion

Summary judgment is appropriate pursuant to Rule 56 of the Federal Rules of Civil Procedure when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc.,

477 U.S. 242, 247 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in his pleading. Anderson, 477 U.S. at 248. To survive summary judgment, he "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Summary judgment is not a vehicle for the court to resolve disputed factual issues. Faircloth v. United States, 837 F. Supp. 123, 125 (E.D.N.C. 1993). Instead, a trial court reviewing a claim at the summary judgment stage should determine whether a genuine issue exists for trial. Anderson, 477 U.S. at 249.

In making this determination, the court must view the inferences drawn from the underlying facts in the light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam). However, the court need not accept as true a party's legal conclusions. Custer v. Sweeney, 89 F.3d 1156, 1163 (4th Cir. 1996). Only disputes between the parties over facts that might affect the outcome of

5

the case properly preclude the entry of summary judgment. Anderson, 477 U.S. at 247-48. "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." Teamsters Joint Council No. 83 v. Centra, Inc., 974 F.2d 115, 119 (4th Cir. 1991).

Under the Eighth Amendment, prison officials "'must take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." Id. at 834. To establish a claim of failure to protect under the Eighth Amendment, a prisoner must demonstrate two things. First, he must show "that he is incarcerated under conditions posing a substantial risk of serious harm." Id. Second, he must prove that prison officials acted with deliberate indifference to his safety. Id.

"It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited . . . ." Whitley v. Albers, 475 U.S. 312, 319 (1986). A prison official is not liable for failure to prevent injury to an inmate unless

6

"the official knows of and disregards an excessive risk to inmate . . . safety." Farmer, 511 U.S. at 837. It is not enough that a prison official had actual knowledge of facts from which a reasonable person might have drawn the inference that a substantial risk of harm exists. He must also have drawn that inference. Id.

In support of their motion for summary judgment, defendants have presented affidavits tending to establish that defendants were not aware that inmate King or his "associates" posed an excessive risk of harm to plaintiff. While plaintiff requested transfer to another facility, he never requested placement into protective custody. In fact, defendant Norris avers that "when asked if he wished to request protective custody, [plaintiff] refused, since that would entail being housed in segregation while an investigation into his well-being was conducted." (Norris Aff. [DE #37-1] ¶9.) Defendant Norris reported plaintiff's request for a transfer and plaintiff was, in fact, transferred from Central Prison to Maury Correctional Institution shortly after the June 1, 2006, incident.

In response to defendants' summary judgment motion, plaintiff has submitted an affidavit in which he repeatedly asserts that defendant Norris promised him confidentiality with regard to his statement about inmate King. His affidavit also

7

contains a number of conclusory allegations, including that defendants "did this to me on purpose because they though [sic] I stole them cigarettes[,] they had no other reason to do so." (Alvarez Aff. [DE #43-1] at 8.) However, plaintiff has failed to come forward with any evidence showing that defendants knew other inmates presented a substantial risk of specific harm to plaintiff and has, therefore, failed to meet his burden under Rule 56. Based on the record, taken as a whole, the court determines that no rational juror could find in favor of plaintiff. Defendants are, therefore, entitled to summary judgment dismissing plaintiff's claim.

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Finding no substantial issue for appeal concerning the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), a certificate of appealability is DENIED.

### CONCLUSION

For the foregoing reasons, plaintiff's motion for appointment of counsel [DE #44] is DENIED and defendants' motion for summary judgment [DE #36] is GRANTED. A certificate of

appealability is DENIED. The clerk is directed to close this case.

This 7th day of February 2011.

*MALCOLM J. HOWARD*
Senior United States District Judge

At Greenville, NC
#31